# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

EDDIE HUGUELEY and CONNIE          )
HUGUELEY,                          )
                                   )
    Plaintiffs,                    )
                                   )
VS.                                )          No. 1:05-1348-T/An
                                   )
DRESDEN, TENNESSEE POLICE          )
DEPARTMENT, *et. al.*,             )
                                   )
    Defendants.                    )

---

## ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

---

The plaintiffs in this civil rights case move for an order appointing counsel. For the following reasons, the Motion for the Appointment of Counsel is DENIED.

Plaintiffs Eddie and Connie Hugueley, husband and wife (collectively "Plaintiffs"), commenced this action against the Dresden, Tennessee Police Department; the Weakley County Sheriff's Department; Officer Clay Anderson, individually and in his official capacity; Officer William Lofton, individually and in his official capacity; and Jason Percy, individually and in his official capacity. Plaintiff Eddie Hugueley seeks recovery for alleged violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983, and he also asserts alleged tort theories of negligence, assault, and battery under Tennessee law. Plaintiff Connie Hugueley seeks damages under Tennessee law for the tort of assault.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___12/6/05___

On the same day Plaintiffs filed their complaint, they filed the instant Motion for the Appointment of Counsel. In support of that motion, and without any bases other than the allegations in the complaint, Plaintiffs claim that the court should request counsel because: (1) their case is factually and legally complex; (2) their case will require discovery; (3) their case will involve conflicting testimony; (4) they are not wealthy and have no legal training; (5) their case involves numerous defendants; and, (6) their case, "if" proved, will have "merit." *See* Pl.'s Mem. Supp. Mot. for the Appointment of Counsel at 3–5. Plaintiffs cite several cases they contend support the requested relief.

The Court is authorized, pursuant to 28 U.S.C. § 1915(e)(1), to "request an attorney to represent any person unable to afford counsel." However, the decision whether to request an attorney to represent a person in a civil case is left to the sound discretion of the district court . See Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993) (quoting Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir. 1992)). There is no constitutional right to appointed counsel in a civil case and, as a general rule, counsel will only be appointed in exceptional circumstances. See Lavado, 992 F.2d at 605-06; Bunton v. Englemyre, 557 F. Supp. 1, 4 (E.D. Tenn. 1982); Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979).

Determining whether such exceptional circumstances exist in a particular case involves a fact-specific inquiry turning upon the merits of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. See Lavado, 992

2

F.2d at 606; McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir. 1985) (per curiam); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983).

Here, there are several reasons why the court exercises its discretion against requesting an attorney to represent Plaintiffs. First, the court has already issued orders denying both plaintiffs' applications to proceed *in forma pauperis*. Implicit in those orders was a determination that Plaintiffs are not "indigent" or incarcerated and their case is not otherwise governed by the provisions of 28 U.S.C. § 1915 ("Proceedings In Forma Pauperis"), including the provision granting the court the authority to "request" counsel on Plaintiffs' behalf. Second, the court cannot determine, based on the bare allegations of Plaintiffs' complaint, the ultimate "complexity" of Plaintiffs' case or whether or not their case has any arguable "merit" Third, the complaint, and all of Plaintiffs' additional filings thus far—including Plaintiffs' memorandum in support of this very motion—demonstrate that Plaintiffs are capable of drafting and of presenting their legal and factual contentions in a coherent and articulate manner if they are ultimately unable to obtain representation from private counsel. Fourth, there is nothing exceptional about Plaintiffs' claim that their case will "require discovery,"and three named defendants is not an exceptional number of defendants.

Last, the court is not convinced that Plaintiffs are *unable* to obtain representation from outside counsel in the surrounding locality. Plaintiffs' general lack of wealth will not

necessarily prevent them from obtaining outside representation on a *pro bono*, contingency,[1] or other basis.  If Plaintiffs' case has merit, as they claim, payment of attorney fees by one or more defendant is a possibility that may arise in the future.  *See* 42 U.S.C. § 1988.  That possibility provides at least some incentive to an attorney contemplating representation.  In short, willing legal representation may very well be readily available for these plaintiffs without court intervention.

For all of the foregoing reasons, Plaintiffs Motion for the Appointment of Counsel is DENIED.  Plaintiffs are reminded that they are able, and they are encouraged, to seek representation from private counsel of their choice pursuant to a financial arrangement that is compatible with Plaintiffs' personal finances, or pursuant to some other type of agreement.  Plaintiffs do not need the court's assistance or order for this purpose.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE

----

[1]Plaintiffs seek substantial money damages totaling $520,000.00.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:05-CV-01348 was distributed by fax, mail, or direct printing on December 6, 2005 to the parties listed.

---

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Eddie Hugueley
336 Evanstown Road
Parsons, TN 38363

Connie Hugueley
336 Evanstown Road
Parsons, TN 38368

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT