IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE HUGUELEY and | ) | |
| CONNIE HUGUELEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:05-1348-T-An |
| VS. | ) | |
| | ) | |
| DRESDEN, TENNESSEE POLICE | ) | |
| DEPARTMENT, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING WEAKLEY COUNTY SHERIFF'S DEPARTMENT'S MOTION
TO DISMISS

Plaintiffs, Eddie Hugueley and Connie Hugueley, filed this action against numerous defendants, including the Weakley County Sheriff's Department (the "Department"), pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367.[1]  The Department moves, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss on the grounds that (1) the Department is not a suable entity and (2) the claims against the Department are untimely. Assuming, for argument's sake, that the Department is "suable," the court finds that the claims against the Department are time barred.[2]  Accordingly, the Department's Motion to Dismiss [Dkt. # 14] is GRANTED, and the claims against the Department are DISMISSED.

---

[1] Plaintiffs invoked the court's supplemental jurisdiction to entertain their claims of negligence, assault, and battery under Tennessee law.

[2] Even if Plaintiffs had sued Weakley County, instead of the Department, the same result would follow.

A motion to dismiss for failure to state a claim upon which relief can be granted should be sustained only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Here, even though the court assumes the truth of Plaintiffs' factual allegations against the Department, *see Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004), it appears beyond doubt that the applicable statutes of limitation bars recovery for those allegations.

The only claims that Plaintiffs assert against the Sheriff's Department arise out of events that occurred while Plaintiff Eddie Hugueley was incarcerated in the Weakley County Jail between May 21, 2004 and, at the latest, July 9, 2004. *See* Compl. ¶ 13 (alleging incarceration beginning on May 21 and lasting for "forty-eight (48) days," but suggesting that Mr. Hugueley may have been released earlier than that). While incarcerated, Eddie Hugueley was not provided medical care to treat wounds that were inflicted by three city police officers on the night of his arrest. Compl. ¶¶ 13, 23. Plaintiffs claim that the Department's failure to provide medical care during Eddie Hugueley's incarceration violated his rights under the United States Constitution and constituted the tort of negligence under Tennessee law. Compl. ¶ 23. They seek $50,000.00 in compensatory damages against the Department for physical and emotional injuries. Compl. ¶ 3.

The civil rights and negligence claims against the Department are untimely. In a § 1983 action, courts apply the most analogous state statute of limitations. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). The most analogous

Tennessee statute of limitations provides that, "Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" "shall be commenced within one (1) year after the cause of action accrued[.]" TENN. CODE ANN. § 28-3-104(a)(3); *Mettetal v. Vanderbilt Univ.*, 147 Fed. App'x 577, 584 (6th Cir. Sept. 1, 2005) (unpublished). The state law negligence claim against the Department is also subject to a one-year limitations period.  *See* TENN. CODE ANN. § 28-3-101(a)(1); *see also id.* § 29-20-305(b) (providing one-year limitations period for claims implicating the Tennessee Governmental Tort Liability Act).

Plaintiffs did not bring this action until November 14, 2005, even though Eddie Hugueley was released from the Weakley County Jail, at the latest, in July of 2004. The only claims against the Department arise out of the Department's alleged failure to treat his wounds before he was released. The relevant state statutes of limitation expired on those claims, at the latest, in July of 2005—one year after the cause of action "accrued." Accordingly, "it appears beyond doubt" that Plaintiffs are not entitled to relief for the denial of medical care to Eddie Hugueley while he was in the custody of the Department (*i.e.*, Weakley County) in the summer of 2004.

For this reason, the Department's Motion to Dismiss [Dkt. # 14] is GRANTED. The Department shall be dismissed as a party defendant, and the federal and state claims that are based on the denial of medical care during Eddie Hugueley's incarceration are DISMISSED

WITH PREJUDICE.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE